Dallas Lain (WSB #6-3299)
CROWLEY FLECK PLLP
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Phone: (307) 426-4100   Fax: (406) 426-4099
dlain@crowleyfleck.com

Robert C. Griffin (MT. SB #4261) (*pro hac vice* pending)
CROWLEY FLECK PLLP
500 TW II, 490 North 31 Street
P. O. Box 2529
Billings, MT 59103-2529
Phone: (406) 252-3441   Fax (406) 256-0277
rgriffin@crowleyfleck.com

*Attorneys for Plaintiff Horizontal Technology, Inc.*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 APR 29 PM 3:06

MARGARET BOTKINS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HORIZONTAL TECHNOLOGY, INC., | ) | Civil Action No. 21CV83-S |
| Plaintiff, | ) | |
| v. | ) | |
| PROSURV, LLC and DOMINIC WHITHAM, | ) | |
| Defendants. | ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Horizontal Technology Inc., by and through its counsel Crowley Fleck PLLP, files this Complaint and Demand for Trial by Jury and sues Defendants Prosurv, LLC and Dominic Whitman and alleges:

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "**Copyright Act**").

2. Plaintiff, Horizontal Technology Inc. ("**HTI**") is the owner of the copyrights in the following works, all of which have been registered with the U.S. Copyright Office:

    i. DataTraX Drill, Reg. No. TXu002248226 (2021)

    ii. DataTraX CAD, Reg. No. TXu002248199 (2021)

    iii. DataTraX ARM, Reg. No. TXu002248230 (2021)

    iv. DataTraX Earth, Reg. No. TXu002248222 (2021)

    v. Prosurv 1, Reg. No. TXu000397697 (1989)

    vi. Prosurv; V. 8.5, Reg. No. TXu000493548 (1991)

    vii. Prosurv II, Reg. No. TXu000627500 (1994)

    viii. Prosurv 2000, Reg. No. TXu000960777 (2000)

3. Defendants are infringing Plaintiff's copyrights.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition). This court has supplemental jurisdiction over the other claims asserted herein, pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendants because (i) Defendants committed the tortious conduct alleged in this Complaint in this State, (ii) Defendants reside or were formed in this State and/or (iii) Defendants have engaged in substantial and not isolated business activity in this State.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; (ii) the Defendants reside or conduct business (and therefore can be found) in this District; and (iii) venue is proper in this District pursuant 28 U.S.C. § 1400(a)

(venue for copyright cases) because Defendant Whitham and Defendant Prosurv's agent reside or may be found in this District.

## Parties

7. Plaintiff HTI is a corporation organized and existing under the laws of the State of Texas and has its principal place of business located at 16863 Warren Ranch Road, Hockley Texas 77447.

8. Defendant Prosurv, LLC ("**Prosurv**") is a limited liability company organized and existing under the laws of the State of Wyoming and has its principal place of business located at 185 Louis Lamour Lane, Clark, WY 82435.

9. Defendant Dominic John Whitham ("**Whitham**") is resident of the State of Wyoming and resides at 185 Louis Lamour Lane, Clark, WY 82435.

## Factual Background Common to All Counts

10. As one of its services, HTI provides steering services and the rental and sale of drilling tools within the Horizontal Directional Drilling ("**HDD**") industry.

11. One aspect of HDD is providing a means of installing underground utilities or trenchless crossings within a pre-determined underground path. The drill bit and corresponding underground path are governed by a drilling rig that is located on the ground surface.

12. HDD is a technique that may be utilized when conventional methods are not desirable or available.

13. During the drilling process, it is important to know the drill bit's current location within the underground drill path. Knowing the current location of the drill bit reduces the likelihood that the drilling process will impact other underground structures which are in proximity to the HDD drill bit.

14. As a complement to HTI's steering services, HTI has introduced a DC (magnetic) tracking software that uses the running line or drill path as the point of reference to determine the exact location of the drill bit in reference to the running line. There are multiple operational advantages in utilizing HTI's tracking software, especially in situations where the running line has horizontal curves, including reduced risk of survey errors or misguided pilot holes.

15. Defendant Whitham is the President of Defendant Prosurv.

16. At some time before 2017, HTI engaged Whitham to develop land survey software to complement HTI's existing tracking software. Pursuant to this engagement, Whitham created a suite of computer software or programs for HTI, which were identified as the DataTraX suite of products (the "**DataTraX Programs**"). The DataTraX Programs include but are not limited to the computer programs DataTraX Drill, DataTraX CAD, DataTraX ARM and DataTraX Earth. Whitham was paid by HTI for the above described services as those services were rendered.

17. The DataTraX Programs are used within the HDD industry to track an underground drill bit's location during the drilling process.

18. Whitham represented and warranted to HTI that he had incorporated into the DataTraX Programs the computer software code in two computer programs he had created independently, (i) Prosurv Baselines, and (ii) Prosurv State Plane Coordinates.

19. On or about July 26, 2017, Defendant Whitham transferred to HTI all of his right, title and interest in and to the DataTraX Programs, including Prosurv Baselines and Prosurv State Plane Coordinates, pursuant to a written agreement prepared by Whitham (hereinafter referred to as the "**2017 Transfer**"). As a result of the 2017 Transfer, and as expressly agreed by Whitham, HTI acquired the copyright in all computer code contained within the DataTraX

Programs, including Prosurv Baselines and Prosurv State Plane Coordinates. A true and correct copy of the 2017 Transfer is attached as Exhibit 1.

20. As consideration for the 2017 Transfer, HTI has paid, and Whitham has accepted, full payment of the purchase price of $80,000.00, as specified by Whitham in the 2017 Transfer.

21. After the 2017 Transfer was completed, an employee of HTI, in the scope of his employment, contributed additional computer code to the DataTraX Programs, which code is a work for hire with regard to which HTI is the author pursuant to 17 U.S.C. § 101 and 17 U.S.C. § 201(b).

22. HTI has obtained copyright registrations from the U.S. Copyright Office for the following DataTraX Programs, including both the material Whitham transferred to HTI as well as the newly created code of which HTI is the author: (a) DataTraX Drill, Reg. No. TXu002248226, (b) DataTraX CAD, Reg. No. TXu002248199, (c) DataTraX ARM, Reg. No. TXu002248230, and (d) DataTraX Earth, Reg. No. TXu002248222. All of the above-referenced copyright registrations have an effective date of April 11, 2021.

23. In addition to the Prosurv Baselines and State Plane Coordinates computer programs, which were included in the DataTraX Programs transferred to HTI pursuant to the 2017 Transfer, Whitham represented and warranted to HTI that, in order to use the DataTraX Programs, HTI would need to license from Whitham another set of computer programs he had independently created, which Whitham identified as the **"Prosurv Data Collection"**.

24. The Prosurv Data Collection is comprised of a number of different computer programs or versions of computer programs, the copyrights for which Whitham had registered with the U.S. Copyright Office, as follows:

    a. Prosurv 1, Reg. No. TXu000397697 (registered 1989);

    b. Prosurv; V. 8.5, Reg. No. TXu000493548 (registered 1991);

    c. Prosurv II, Reg. No. TXu000627500 (registered 1994); and

    d. Prosurv 2000, Reg. No. TXu000960777 (registered 2000).

25. The Prosurv Data Collection was subsequently rebranded by Whitham as DataTraX Field Solver, so that all occurrences of the term "Prosurv" were changed to "DataTraX Field Solver" throughout the source code for the Prosurv Data Collection.

26. On April 20, 2018, pursuant to a written agreement prepared by Whitham (hereinafter referred to as the "**2018 Transfer**"), Defendant Whitham transferred to HTI all of his right, title and interest in and to the computer software known as the Prosurv Data Collection a/k/a DataTraX Field Solver. As a result of the 2018 Transfer, and as expressly agreed by Whitham, HTI acquired the copyright in all computer code in the Prosurv Data Collection, including the above-referenced copyright registrations. A true and correct copy of the 2018 Transfer is attached as Exhibit 2.

27. As consideration for the 2018 Transfer, HTI has paid, and Whitham has accepted, full payment of the purchase price of $10,000.00, as requested and specified by Whitham in the 2018 Transfer.

28. On May 4, 2018, the United States Copyright Office certified the 2018 Transfer transferring Whitham's copyrights to HTI as Document Number: V9961D149 identifying the following list of titles: 001   Prosurv; v. 8.5 / Reg. TXu493548 (1991); 002   Prosurv 1 / Reg. TXu397697 (1989); 003   Prosurv 2000 / Reg. TXu960777 (2000); and 004   Prosurv II / Reg. TXu627500 (1994). True and correct copies of documents evidencing the recording of the 2018 Transfer are attached as Exhibit 3.

29. HTI is currently the sole and undivided owner of all right, title and interest in and to the copyrights in the DataTraX Programs (including Prosurv Baselines and Prosurv State Plane Coordinates) and the Prosurv Data Collection a/k/a DataTraX Field Solver (collectively, the "**HTI Software**"), as summarized below:

| HTI Software | Transfer | Programs/Versions |
|---|---|---|
| DataTraX Programs | July 26, 2017 | DataTraX Drill, Reg. No. TXu002248226 (2021) |
| | | DataTraX CAD, Reg. No. TXu002248199 (2021) |
| | | DataTraX ARM, Reg. No. TXu002248230 (2021) |
| | | DataTraX Earth, Reg. No. TXu002248222 (2021) |
| | | (Prosurv Baselines and State Plane Coordinates incorporated into other DataTrax Programs.) |
| Prosurv Data Collection a/k/a DataTraX Field Solver | April 20, 2018 | Prosurv 1, Reg. No. TXu000397697 (1989) |
| | | Prosurv; V. 8.5, Reg. No. TXu000493548 (1991) |
| | | Prosurv II, Reg. No. TXu000627500 (1994) |
| | | Prosurv 2000, Reg. No. TXu000960777 (2000) |

30. The HTI Software is used by HTI within the HDD industry to track underground drill bits during the drilling process and provide related functionality.

31. Despite Whitham having transferred his copyrights in the HTI Software to HTI as set forth above, the Defendants are currently marketing, licensing, distributing, selling and offering for sale virtually identical software identified by Defendants as Prosurv GeoMax Crossings – v.1.01.0, or GeoMax HDD Crossings (the "**GeoMax Software**").

32. The GeoMax Software is marketed, licensed, distributed, sold and offered for sale by Defendants within the HDD industry in direct competition with the HTI Software and to

perform the same functions as the HTI Software, including but not limited to tracking underground drill bits during the HDD drilling process.

33. The HTI employee who created HTI's work-for-hire contributions to the HTI Software has used a publicly available and widely used computer program to decompile and generate a mirror version of the source code of portions of the publicly available demonstration version of GeoMax Software, and has done the same with corresponding portions of the HTI Software. The mirror versions of the GeoMax Software source code are virtually identical to the mirror versions of the corresponding HTI Software source code. This could only have occurred because the GeoMax Software is a copy of the HTI Software.

34. The software used to mirror the GeoMax Software and HTI Software source code as set forth above is generally recognized in the field of computer programming as producing accurate results.

35. Upon information and belief, the Defendants copied the HTI Software and marketed and sold it as the GeoMax Software within the HDD industry because it would have taken the Defendants far longer to write new code that would accomplish the same functions.

36. Upon information and belief, the HTI Software copied, marketed and sold by the Defendants as the GeoMax Software includes all or a substantial part of the protectable elements of the programs DataTraX Drill, DataTraX CAD, DataTraX ARM, DataTraX Earth and DataTraX Field Solver.

37. The Defendants' copying of the HTI Software extends to the look and feel of its user interface. Anyone familiar with the user interface of the HTI Software who uses the GeoMax Software will immediately recognize that the two programs look, feel and operate the same way. Anyone who has used the HTI Software would be able to use the GeoMax Software

without any additional training. This would not be true with regard to competing software products on the market, the user interfaces for which operate in a completely different manner, and which have a completely different look and feel.

38. The GeoMax Software marketed and sold by the Defendants within the HDD market is substantially similar to the HTI Software. To the extent that there are any differences between the GeoMax Software and the HTI Software, the GeoMax Software is a derivative work of the HTI Software since it is based on or derived therefrom.

39. The Defendants' have actually marketed and sold their virtually identical GeoMax Software to the prospective HDD market and to existing customers of HTI, thereby depriving HTI of the opportunity to license or provide software services to the HDD market or to said customers, damaging HTI's goodwill, and causing HTI to lose its position in the competitive HDD marketplace not just for software but for its collective HDD services in general.

40. HTI's ability to offer the prospective HDD market or its existing customers access to and use of the HTI Software as a complement to its other services significantly enhances HTI's competitive position in the marketplace for all of the services offered by HTI, not just software. If the Defendants are permitted to continue to infringe HTI's copyrights and use HTI's trade secret source code during the pendency of this litigation, the Defendants' infringement and misappropriation will continue to interfere with HTI's business relationships with actual and prospective customers, siphon customers away from HTI, damage HTI's goodwill, and cause HTI to lose its position in the competitive marketplace not just for software but for its HDD services in general. The resulting erosion of HTI's competitive market position, harm to its business reputation, and loss of goodwill constitute irreparable harm, because there is no way to determine or calculate the actual damages caused by the Defendants' wrongful acts.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 9 of 18

41.     Prior to filing this lawsuit, HTI made written demand upon the Defendants to cease and desist from using HTI's Copyrights.

42.     After receiving notice of HTI's cease and desist letters, the Defendants have refused to cease or desist in marketing, licensing, distributing or offering for sale HTI's Copyrights.

43.     The Defendants are currently offering to provide, license or sell GeoMax Software.

44.     HTI has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

45.     All conditions precedent has occurred or have been performed by HTI.

## COUNT I
### Direct Copyright Infringement Against Defendants

46.     The allegations contained in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

47.     HTI is the sole and undivided owner of all right, title and interest in and to the copyrights in the HTI Software.

48.     The Defendants have copied protectable elements of the HTI Software, and those protectable elements comprise a substantial part of the HTI Software when it is considered as a whole.

49.     The Defendants have infringed and are infringing HTI's copyrights in the HTI Software by marketing, licensing, distributing, selling and offering for sale the GeoMax Software.

50.     HTI did not authorize, permit or consent to the Defendants' marketing, licensing, distributing, selling or offering for sale the HTI Software.

51. As a result of the foregoing, the Defendants have violated HTI's exclusive right to:

    a. Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    b. Distribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 50; and

    c. Create derivative works based upon the copyrighted work, in violation of 17 U.S.C. §§ 106(2) and 501.

52. The Defendants' infringements were committed willfully within the meaning of 17 U.S.C. § 504(c)(2).

53. HTI is entitled to preliminary and permanent injunctive relief prohibiting the Defendants from infringing the HTI Software, because:

    a. HTI is likely to succeed on the merits of its claims against the Defendants;

    b. There is no way to determine or calculate the dollar amount of the irreparable harm HTI will sustain due to the erosion to HTI's competitive market position, harm to its business reputation, and loss of goodwill resulting from the Defendants' infringement of HTI's copyrights in the HTI Software.

    c. The balance of equities tips in HTI's favor; and

    d. An injunction would be in the public interest.

## COUNT II
## Misappropriation of Trade Secrets – Defend Trade Secrets Act ("DTSA")
## (18 U.S.C. § 1836)

54. The allegations contained in paragraphs 1-45 and 47-53 are hereby re-alleged as if fully set forth herein.

55. The source code in the HTI Software constitutes trade secrets pursuant to the Defend Trade Secrets Act ("**DTSA**"), 18 U.S.C. § 1836, because: (a) HTI has taken reasonable measures to keep such information secret; and (b) the information derives economic value from not being generally known or readily ascertainable by others to whom the information would be valuable.

56. The trade secret source code in the HTI Software relates to goods and services HTI provides in interstate commerce, which are commercialized through payments in interstate commerce.

57. HTI has taken reasonable measures to maintain the secrecy of the source code in the HTI Software by, *inter alia*, limiting access to the source code to a very small number of employees who need access it, and maintaining the source code on a computer system accessible only by password and protected by other security measures.

58. By marketing, licensing, distributing, selling and offering for sale the GeoMax Software, the Defendants have misappropriated HTI's trade secret source code without HTI's express or implied consent, because they know that the GeoMax Software consists largely if not wholly of HTI's trade secret source code, that their knowledge of said source code was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, and that they owe such a duty to HTI.

59. Pursuant to the DTSA, HTI is entitled to an award of the damages for actual loss caused by the Defendants' misappropriation of HTI's trade secrets, as well as damages

for any unjust enrichment caused by said misappropriation that is not addressed in computing damages for actual loss.

60. The Defendants' misappropriation of HTI's trade secret source code is intentional, knowing, willful and malicious, and therefore HTI is entitled to an award of exemplary damages pursuant to the DTSA.

61. Upon information and belief, if the Defendants are not enjoined from misappropriating HTI's trade secret information, they will continue to do so for their own benefit and to HTI's detriment.

62. HTI is entitled to preliminary and permanent injunctive relief prohibiting actual or threatened misappropriation of HTI's trade secrets by the Defendants, because there is no way to determine or calculate the dollar amount of the irreparable harm HTI will sustain due to the resulting erosion to HTI's competitive market position, harm to its business reputation, and loss of goodwill.

## COUNT III
### Misappropriation of Trade Secrets – Uniform Trade Secrets Act ("UTSA")
### (Wyo. Stat. Ann. § 40-24-101 et seq.)

63. The allegations contained in paragraphs 1-45, 47-53 and 55-62 are hereby re-alleged as if fully set forth herein.

64. The source code in the HTI Software constitutes trade secrets pursuant to the Uniform Trade Secrets Act ("UTSA"), Wyo. Stat. Ann. § 40-24-101 et seq., because: (a) HTI has taken reasonable measures to keep such information secret; and (b) the information derives independent economic value from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

65. By marketing, licensing, distributing, offering for sale and selling the

GeoMax Software, the Defendants have misappropriated HTI's trade secret source code without HTI's express or implied consent, because they know that the GeoMax Software consists largely if not wholly of HTI's trade secret source code, that their knowledge of said source code was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, and that they owe such a duty to HTI.

66. Pursuant to Wyo. Stat. Ann. § 40-24-103, HTI is entitled to an award of the damages resulting from the Defendants' misappropriation of HTI's trade secrets.

67. The Defendants' misappropriation of HTI's trade secrets is willful and malicious, and HTI is therefore entitled to an award of exemplary damages pursuant to Wyo. Stat. Ann. § 40-24-103, and costs and attorney fees pursuant to Wyo. Stat. Ann. § 40-24-104.

68. Pursuant to Wyo. Stat. Ann. § 40-24-102, HTI is entitled to preliminary and permanent injunctive relief prohibiting actual or threatened misappropriation of HTI's trade secrets by the Defendants, because there is no way to determine or calculate the dollar amount of the irreparable harm HTI will sustain due to the resulting erosion to HTI's competitive market position, harm to its business reputation, and loss of goodwill.

### COUNT IV
### Trade Dress Infringement/Unfair Competition
### (Lanham Act § 43(a); 15 U.S.C. § 1125(a) and Common Law)

69. The allegations contained in paragraphs 1-45, 47-53 and 55-62 are hereby re-alleged as if fully set forth herein.

70. The nonfunctional layout and design elements of the user interface for the HTI Software (the "**HTI Trade Dress**") create a distinctive look and feel and serve the purpose of identifying and distinguishing the HTI Software from the products of other providers of similar goods and services.

71. The Defendants' copying of the HTI Software extends to the HTI Trade Dress. Anyone familiar with the HTI Trade Dress who uses the GeoMax Software will immediately recognize that, unlike competing products, the two programs look, feel and operate the same way.

72. HTI used the HTI Trade Dress in commerce before the Defendants began marketing and selling software with a confusingly similar trade dress.

73. The Defendants' infringing use of the HTI Trade Dress is likely to cause confusion, mistake or deception among members of the public as to the source or origin of the Defendants' products, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Wyoming common law.

74. The Defendants' conduct was and is being committed willfully and with the intent to deceive the public and to wrongfully trade and profit by use of HTI's Trade Dress and goodwill.

75. HTI has suffered damages and irreparable harm as a result of the Defendants' infringing use of the HTI Trade Dress.

### COUNT V
### Breach of Contract

76. The allegations contained in paragraphs 1-45, 47-53, 55-62 and 70-75 are hereby re-alleged as if fully set forth herein.

77. There are written contractual agreements between HTI and Whitham concerning the transfers of computer software that serve as a basis for this complaint.

78. As represented by the 2017 Transfer, Whitham agreed to sell and assign all of Whitham's right, title and interest concerning the DataTraX Programs to HTI.

79. The consideration agreed upon or requested by Whitham concerning the 2017

Transfer has been received by Whitham.

80. As represented by the 2018 Transfer, Whitham agreed to transfer all of his right, title and interest in the Prosurv Data Collection a/k/a DataTraX Field Solver to HTI.

81. The consideration agreed upon or requested by Whitham concerning the 2018 Transfer has been received by Whitham.

82. Whitham expressly represented and warranted to HTI that as a result of the 2017 Transfer that HTI would receive the copyright in all computer code in the DataTraX Programs, including Prosurv Baselines and Prosurv State Plane Coordinates.

83. Whitham expressly represented and warranted to HTI that as a result of the 2018 Transfer that HTI would receive the copyright in all computer code in the Prosurv Data Collection a/k/a DataTraX Field Solver.

84. As a result of the 2017 Transfer and the 2018 Transfer, HTI was and is the owner the HTI Software.

85. As the owner of HTI Software, HTI is the proper party to bring forth this complaint.

86. Defendants have materially breached the 2017 Transfer and the 2018 Transfer agreements since the Defendants are currently marketing, licensing, distributing, selling and offering for sale virtually identical software now identified by Defendants as the GeoMax Software. The GeoMax Software includes the essence of the computer programs (HTI Software) which were previously transferred by Whitham to HTI.

87. Whitham has breached the underlying transfer agreements since the Defendants continue to market, license, distribute, sell or offer for sale the same or similar software which was transferred by Whitham to HTI. Whitham has materially breached the underlying

agreements by diluting the very purpose of the above described transfer agreements. As a result of the Defendants utilizing the GeoMax Software, HTI is deprived of the benefit it reasonably expected arising from the 2017 Transfer and the 2018 Transfer and the resulting ownership rights found within the transferred software.

88.     As a result of the Whitham's breach, HTI has retained an attorney and HTI seeks reimbursement for its attorney's fees

89.     As a direct and proximate result of the Whitham's breach, HTI seeks to recover damages for all foreseeable injuries or to obtain equitable remedies. HTI seek its actual economic damages or alternatively its nominal damages, prejudgment interest, post judgment interest, court costs, attorney's fees and any other relief, both special and general, to which HTI may be entitled.

## JURY DEMAND

90.     Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     Issue a temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants and all other persons who are in active concert or participation with Defendants from continuing to infringe Plaintiff's copyrighted works and misappropriating Plaintiff's trade secrets by advertising, marketing, distributing, selling, licensing, or offering to distribute, sell or license the GeoMax Software;

2.     Order that Defendants delete and permanently remove the digital files relating to Plaintiff's works from each of the computers or devices under Defendants' possession, custody or control;

3.     Order that Defendants delete and permanently remove the infringing copies of

the works Defendants have on computers or devices under Defendants' possession, custody or control;

4. Award Plaintiffs its damages and Defendants' profits in an amount to be ascertained;

5. In the alternative, award Plaintiff statutory damages pursuant to 17 U.S.C. § 504 (a) and (c);

6. Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

7. Award Plaintiff pre-judgment and post-judgment interest at the maximum legal rate; and

8. Grant Plaintiff any other and further legal or equitable relief this Court deems just and proper.

Dated this 29th day of April, 2021.

_____
DALLAS LAIN (WSB #6-3299)
Crowley Fleck PLLP
106 E. Lincolnway, Suite 300
Cheyenne, WY 82001
307-426-4100
dlain@crowleyfleck.com

*Attorneys for Plaintiff*