Dallas Lain (WSB #6-3299)
CROWLEY FLECK PLLP
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Phone:  (307) 426-4100  Fax:  (406) 426-4099
dlain@crowleyfleck.com

Robert C. Griffin (MT. SB #4261)
(Admitted *pro hac vice*)
CROWLEY FLECK PLLP
500 TW II, 490 North 31 Street
P. O. Box 2529
Billings, MT 59103-2529
Phone:  (406) 252-3441  Fax (406) 256-0277
rgriffin@crowleyfleck.com
*Attorneys for Plaintiff Horizontal Technology, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HORIZONTAL TECHNOLOGY, Inc. | ) | Case No. 21-cv-00083-SWS |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | |
| | ) | |
| PROSURV, LLC and Dominic John Whitham | ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Plaintiff/Counterclaim Defendant Horizontal Technology, Inc., by and through the undersigned counsel, answers the Defendants'/Counterclaimants' Counterclaims filed May 17, 2021 (Doc. 13) (the "Counterclaim"), as follows:

Answering the specific allegations set forth in the Counterclaim, Horizontal Technology, Inc. ("HTI") admits, denies, and affirmatively alleges as follows:

1.    HTI admits the allegations set forth in paragraph 1 of the Counterclaim.

2.    HTI admits the allegations set forth in paragraph 2 of the Counterclaim.

3.      HTI denies the allegations set forth in paragraph 3 of the Counterclaim to the extent that documents control the rights of the parties, and that the underlying events occurred in Texas.

4.      HTI admits the allegations set forth in paragraph 4 of the Counterclaim.

5.      HTI admits the allegations set forth in paragraph 5 of the Counterclaim.

6.      HTI admits the allegations set forth in paragraph 6 of the Counterclaim.

7.      In answering the allegations set forth in paragraph 7 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the same, and expressly denies that the Counterclaimants have sustained any damages as the result of any act or omission of HTI.

8.      Answering the allegations set forth in paragraph 8 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the same.

9.      HTI admits the allegations set forth in paragraph 9 of the Counterclaim.

10.     HTI denies the allegations set forth in paragraph 10 of the Counterclaim.

11.     Answering the allegations set forth in paragraph 11 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the allegation that Witham worked exclusively for HTI and therefore denies it.  HTI admits the remaining allegations set forth in paragraph 11 of the Counterclaim.

12.     Answering the allegations set forth in paragraph 12 of the Counterclaim, HTI admits that Whitham incorporated Prosurv source code into software he created for HTI, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies the same.

13.    Answering the allegations set forth in paragraph 13 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the same.

14.    Answering the allegations set forth in paragraph 14 of the Counterclaim, HTI admits that the software Whitham created for HTI gave it a vast competitive edge over the competition, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies the same.

15.    Answering the allegations set forth in paragraph 15 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the same.

16.    Answering the allegations set forth in paragraph 16 of the Counterclaim, HTI admits that Whitham permitted HTI to use the computer software code he had incorporated into the DataTraX Programs (as defined in the Plaintiff's Complaint), and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17.    Answering the allegations set forth in paragraph 17 of the Counterclaim, HTI admits that Whitham represented and warranted to HTI that he had incorporated into the DataTraX Programs (as defined in the Plaintiff's Complaint) the computer software code in two computer programs he had created independently, (i) Prosurv Baselines, and (ii) Prosurv State Plane Coordinates, expressly denies that Whitham owns the copyrights in HTI Software (as defined in the Plaintiff's Complaint), and denies the remaining allegations in paragraph 17.

18.    HTI denies the allegations set forth in paragraph 18 of the Counterclaim.

19.    HTI denies the allegations set forth in paragraph 19 of the Counterclaim.

20.    Answering the allegations set forth in paragraph 20 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the same.

21.    HTI denies the allegations set forth in paragraph 21 of the Counterclaim.

22.    Answering the allegations set forth in paragraph 22 of the Counterclaim, HTI admits that Whitham represented and warranted to HTI that he had incorporated into the DataTraX Programs the computer software code in two computer programs he had created independently, (i) Prosurv Baselines, and (ii) Prosurv State Plane Coordinates, expressly denies that Whitham owns the copyrights in HTI Software, and denies the remaining allegations in paragraph 22.

23.    HTI denies the allegations set forth in paragraph 23 of the Counterclaim.

24.    Answering the allegations set forth in paragraph 24 of the Counterclaim, HTI admits that an email communication took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

25.    Answering the allegations set forth in paragraph 25 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

26.    Answering the allegations set forth in paragraph 26 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

27.    Answering the allegations set forth in paragraph 27 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

28.    Answering the allegations set forth in paragraph 28 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

29.    Answering the allegations set forth in paragraph 29 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

30.    Answering the allegations set forth in paragraph 30 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said

paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

31.    Answering the allegation set forth in paragraph 31 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

32.    Answering the allegations set forth in paragraph 32 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

33.    Answering the allegations set forth in paragraph 33 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

34.    Answering the allegations set forth in paragraph 34 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing

speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

35.    Answering the allegations set forth in paragraph 35 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

36.    Answering the allegations set forth in paragraph 36 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

37.    Answering the allegations set forth in paragraph 37 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

38.    Answering the allegations set forth in paragraph 38 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it

includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

39.     HTI denies the allegations in paragraph 39 of the Counterclaim.

40.     Answering the allegations set forth in paragraph 40 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

41.     Answering the allegations set forth in paragraph 41 of the Counterclaim, HTI admits that some communications took place as referenced therein, but denies that said paragraph fairly and accurately represents the communications between the parties, as it includes only part of the referenced communications, which to the extent they are in writing speak for themselves, and it does not fairly and accurately represent the collective remaining communications concerning these matters between the parties.

42.     HTI denies the allegations set forth in paragraph 42 of the Counterclaim.

43.     Answering the allegations set forth in paragraph 43 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

44.     Answering the allegations set forth in paragraph 44 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

45. Answering the allegations set forth in paragraph 45 of the Counterclaim, HTI admits that Whitham accepted $80,000 in return for executing the 2017 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, expressly denies that Whitham signed the 2017 Transfer under duress or that he suffered a great deal of anxiety or stress, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

46. HTI denies the allegations set forth in paragraph 46 of the Counterclaim.

47. HTI denies the allegations set forth in paragraph 47 of the Counterclaim.

48. Answering the allegations set forth in paragraph 48 of the Counterclaim, HTI is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

49. Answering the allegations set forth in paragraph 49 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

50. Answering the allegations set forth in paragraph 50 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

51. Answering the allegations set forth in paragraph 51 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify

anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

52.    Answering the allegations set forth in paragraph 52 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

53.    Answering the allegations set forth in paragraph 53 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

54.    Answering the allegations set forth in paragraph 54 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

55.    Answering the allegations set forth in paragraph 55 of the Counterclaim, HTI denies the allegations to the extent they may be interpreted to contradict, augment or qualify anything set forth in the 2018 Transfer (as defined in the Plaintiff's Complaint), which Whitham himself prepared, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

56.    HTI denies the allegations set forth in paragraph 56 of the Counterclaim.

57.    HTI denies the allegations set forth in paragraph 57 of the Counterclaim.

### COUNT I (Intentional Infliction of Emotional Distress)

58.    Answering the allegations set forth in paragraph 1, Count I of the Counterclaim, HTI realleges and incorporates by reference its answers to paragraphs 1 through 57 of the Counterclaim.

59.    HTI denies the allegations set forth in paragraph 2, Count I of the Counterclaim.

60.    HTI denies the allegations set forth in paragraph 3, Count I of the Counterclaim.

### COUNT II (Breach of Contract (2018 Transfer))

61.    Answering the allegations set forth in paragraph 4, Count II of the Counterclaim, HTI realleges and incorporates by reference its answers to paragraphs 1 through 57 of the Counterclaim.

62.    HTI denies the allegations set forth in paragraph 5, Count II of the Counterclaim.

63.    HTI denies the allegations set forth in paragraph 6, Count II of the Counterclaim.

### COUNT III (Declaration of Contract Invalidity)

64.    Answering the allegations set forth in paragraph 7, Count III of the Counterclaim, HTI realleges and incorporates by reference its answers to paragraphs 1 through 57 of the Counterclaim.

65.    Answering the allegations set forth in paragraph 8, Count III of the Counterclaim, no answer is necessary as no allegations are stated in said paragraph, but to the extent that said paragraph may be interpreted to state any allegations, HTI denies that the Counterclaimants are entitled to any relief whatsoever.

66.     Answering the allegations set forth in paragraph 9, Count III of the Counterclaim, no answer is necessary as no allegations are stated in said paragraph, but to the extent that said paragraph may be interpreted to state any allegations, HTI denies that the Counterclaimants are entitled to any relief whatsoever.

67.     HTI denies the allegations set forth in paragraph 10, Count III of the Counterclaim.

68.     HTI denies the allegations set forth in paragraph 11, Count III of the Counterclaim.

69.     HTI denies any allegations not expressly admitted.

### AFFIRMATIVE DEFENSES

To preserve any defenses that may be available, and without admitting any of the allegations set forth in the Counterclaim, HTI asserts the following affirmative defenses.

1.      The Counterclaim fails to state a cause of action upon which relief may be granted.

2.      The Counterclaimants' claims are barred by the doctrine of laches.

3.      The Counterclaimants' claims are barred by the doctrines of waiver and estoppel.

4.      To the extent the Counterclaimants sustained any damages, which HTI expressly denies, they have failed to take the steps necessary to mitigate the damages and any such damages are the result of their own acts or omissions

5.      The Counterclaimants' claims are barred by the doctrine of unclean hands.

6.      The Counterclaimants' claims are barred by the parol evidence rule.

7.      The Counterclaimants' claims are barred as the result of the failure to promptly exercise any right that may have existed to rescind a contract.

8.      The Counterclaimants' claims are barred as the result of Whitham's breach of the contracts between the parties.

9.      The Counterclaimants' claims are barred, in whole or in part, because at all times material hereto, HTI's conduct was in good faith and in accordance with reasonable commercial standards.

10.     To the extent the Counterclaimants sustained any damages, which HTI expressly denies, such damages are attributable to the acts or omissions of other individuals or entities, including but not limited to the Counterclaimants or third parties.

11.     HTI asserts the defense of statute of frauds as its applies to the written documents signed between the parties.

12.     HTI asserts the defense of ratification to the extent that Whitham may not withdraw ratification and seek to avoid the underlying written documents signed between the parties.

WHEREFORE, Plaintiff/Counterclaim Defendant Horizontal Technology, Inc. respectfully requests relief against Defendants'/Counterclaimants' as follows:

1.      Judgment dismissing the Counterclaim with prejudice;

2.      For an award of all relief requested in the Complaint;

3.      For an award of costs and attorneys' fees incurred, to the extent permitted by applicable law; and

4.      For such other and further relief as to the court seems just and proper under the circumstances.

ANSWER TO COUNTERCLAIM
Page 13

## DEMAND FOR JURY TRIAL

Plaintiff/Counterclaim Defendant Horizontal Technology, Inc. hereby demands trial by jury on all issues so triable.

DATED this 14th day of June, 2021.

By: */s/ Robert C. Griffin*
Robert C. Griffin (MT ID# 4261)
(Admitted *Pro Hac Vice*)
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
Billings, MT 59101
Phone:  (406) 255-7275 · Fax: (406) 256-0277

Dallas Lain (WSB #6-3299)
CROWLEY FLECK PLLP
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Phone:  (307) 426-4100 · Facsimile: (307) 426-4099
dlain@crowleyfleck.com

*Attorneys for Plaintiff Horizontal Technology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing, on this 14th day of June, 2021, a copy was sent to all individuals via CM/ECF:

Aaron John Lyttle
Gregory C. Dyekman
Long Reimer Winegar LLP
P.O. Box 87
Cheyenne, WY 82003-0087
alyttle@lrw-law.com
gdyekman@lrw-law.com

Thomas G. Pasternak (Admitted PHV)
Akerman LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com

*/s/ Robert C. Griffin*
Robert C. Griffin